IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SHARALYN WRIGHT,<br><br>                        Plaintiff,<br><br>    v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA,<br>                        Defendant. | Case No. 3:15-cv-00096-TMB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO CONSOLIDATE ACTIONS PURSUANT TO FED R. CIV. P. 42(a)(2) |

## I. Introduction

Pending before the Court, at Dkt. No. 24, is Plaintiff Sharalyn Wright's motion to consolidate this action with a similar action filed by Wright against Unum Group.[1] For the reasons discussed below, Wright's motion is **GRANTED**, however, the resulting consolidated case will proceed without a jury demand.

## II. Background

On March 4, 2015, Wright filed this lawsuit in state court against Defendant Unum Life Insurance Company of America ("Unum Life").[2] On June 17, 2015, Unum Life removed the case to this court.[3] In her complaint, Wright declined to demand a jury trial. On September 5, 2015, the parties filed a joint Scheduling and Planning Conference Report which noted that no

---

[1] Case No. 3:16-cv-00046-TMB.

[2] Dkt 1.

[3] *Id*.

1

jury trial was demanded and that the issue of whether Wright would receive a trial by jury was undisputed.[4]

On June 16, 2016, after the time to amend her complaint had passed, Wright filed a separate action based on the same set of facts against Unum Group, the parent corporation of Defendant Unum Life.[5] This time, however, Wright requested a jury trial.[6] On March 16, 2016 Wright filed motions in both cases to consolidate them pursuant to Fed. R. Civ. P. 42(a)(2), and to preserve her right to a jury trial.[7]

Defendant Unum Life has filed oppositions to both motions and claims that Wright is attempting to circumvent Fed. R. Civ. P. 38 and 39 and secure a jury trial after she first waived her right.[8] Accordingly, Unum Life claims that the appropriate remedy is the dismissal of Wright's second lawsuit. In the alternative, Unum Group has filed a motion to dismiss the second lawsuit as a duplicative action.[9]

### III. Legal Standard

Fed. R. Civ. P. 42 allows a court to consolidate separate actions if they involve a common question of law or fact. Consolidation under Rule 42(a) is left to the "broad discretion" of the

---

[4] Dkt. 13 at 4.

[5] Case No. 3:16-cv-00046-TMB, Dkt. 1.

[6] Case No. 3:16-cv-00046-TMB, Dkt. 3.

[7] Dkt. 24; Case No. 3:16-cv-00046-TMB, Dkt. 7.

[8] Dkt. 28; Case No. 3:16-cv-00046-TMB, Dkt. 15.

[9] Case No 3:16-cv-00046-TMB, Dkt. 14.

district courts.[10] "The party seeking consolidation bears the burden of establishing that the judicial economy and convenience benefits of consolidation outweigh any prejudice."[11]

### IV. Discussion

At the outset, both parties concede that these two actions involve common questions of law and fact. The Court therefore finds consolidation to be proper under Rule 42. The issue of Wright's jury demand, however, remains.

Rule 38(d) states that "a party waives a jury trial unless its demand is properly served and filed." A plaintiff demanding a jury trial must serve "the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served."[12] The plaintiff must also properly file that demand in accordance with Fed. R. Civ. P. 5(d).[13]

Wright concedes that she failed to properly serve or file a jury demand in her original complaint. Moreover, and as noted above, in the parties' joint Scheduling and Planning Report, the parties noted that no jury trial was demanded and the right to a jury trial was not in dispute.[14] Nevertheless, Wright asks the Court to overlook these facts and to preserve her right to a jury trial by way of consolidation.

The Court declines to permit Wright to circumvent the proper procedures for requesting a jury trial by way of filing a second civil action and requesting consolidation when she

---

[10] *Investors Research, Co. v. United States Dist. Court*, 877 F.2d 777 (9th Cir. 1989).

[11] *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

[12] Fed. R. Civ. P. 38(b).

[13] Fed. R. Civ. P. 38(b)(2).

[14] Dkt. 13 at 4.

3

unequivocally waived her right at the outset of litigation. Therefore, though the Court grants Wright's motion to consolidate, it will not permit her jury demand.

## V. Conclusion

For the reasons discussed above, Wright's motion to consolidate cases at Dkt. No. 24 is **GRANTED**. This case will be consolidated with Case No. 3:16-cv-00046-TMB and will proceed **WITHOUT** a jury demand by the Plaintiff.

Additionally, Unum Group's Motion to Dismiss at Dkt. No. 14 of Case No. 3:16-cv-00046-TMB is **DENIED AS MOOT**. The parties are directed to file a revised scheduling and planning order setting new deadlines no later than September 16, 2016.

IT IS SO ORDERED.

Dated at Anchorage, Alaska, this 7th day of September, 2016.

/s/ Timothy M. Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE